solvency. The structure can easily be made safe, and at a moderate cost. The defendants have offered and now offer no obstacle or impediment to prevent the plaintiff from shoring up or underpinning the columns. The weight of authority, in my opinion, is to the effect that under the circumstances disclosed by the affidavits and plans it is the plaintiff's duty to protect its structure at its own expense. If this be so, of course no injunction should issue. If, on the other hand, it should ultimately be determined that plaintiff was entitled to have its structure protected by the defendants, or either of them, an action for damages would lie. In such an action it would doubtless be necessary to prove that Gallagher's plans were inadequate, that plaintiff's plans were the only adequate ones, and that the expense of carrying out the plans was reasonable. The plaintiff professes to be able to show all this, and attempts to do so on this motion. It should therefore have no difficulty in proving these facts upon a trial. It appears, therefore, that if, by reason of the denial of the injunction, the plaintiff is driven to do the work itself, on its own plans, and, in the first instance, at its own expense, it will suffer no prejudice in the end.

Motion denied with $10 costs to each defendant.

---

(44 Misc. Rep. 504.)

### JOHNSTOWN MIN. CO. v. MORSE et al.

(Supreme Court, Special Term, New York County. July, 1904.)

1. STATE COURTS — JURISDICTION — INJUNCTION — PROCEEDINGS IN FEDERAL COURTS.

Where defendants in an action in a state court are prosecuting contempt proceedings before a federal court in another state, the state court has no jurisdiction to enjoin such prosecution, though it has jurisdiction over all the parties in other proceedings in such federal court.

2. SAME.

A state court is without jurisdiction to enjoin proceedings in a federal court.

3. SAME.

A proceeding to enjoin a prosecution for contempt in another court will not be granted, it being in effect an attempt to enjoin such court.

Action by the Johnstown Mining Company against E. Rollins Morse and the Butte & Boston Consolidated Mining Company. Motion of plaintiff for an order to show cause why defendants should not be punished for contempt. Motion denied.

Franklin Bien, for plaintiff.

Shearman & Sterling (John A. Garver, of counsel), for defendants.

BLANCHARD, J. This is a motion on behalf of the plaintiff upon the return of an order requiring the defendants to show cause why they should not be punished as and for a contempt of this court in willfully violating the injunction order granted in the action on March 21, 1904. This injunction order is as follows:

"It is further ordered that the defendants and each of them, their and each of their agents, servants, attorneys, employés, and all other persons acting

¶ 2. See Courts, vol. 13, Cent. Dig. §§ 1411–1417.

on their or either of their behalf, be, and each of them is hereby, restrained
and enjoined from proceeding with the contempt proceedings instituted
against plaintiff by means of service upon its employés, Carlos Warfield and
Alfred Frank, returnable before the Circuit Court of the United States, Ninth
Circuit, district of Montana, in the actions instituted by the defendants on
the 22d day of March, 1904, or any time thereafter, until plaintiff has been
made a defendant in such actions, and served with a copy of the injunction,
and has appeared in such actions so as to give the court jurisdiction, as
provided for by the laws of the United States and the states of Montana and
New York; also from taking any further proceedings against the employés
of the plaintiff herein, including Carlos Warfield and Alfred Frank, in the
actions instituted by the defendants as aforesaid, in which plaintiff is not
a party plaintiff or defendant. That any deviation or violation of the in-
junction hereby granted will be deemed as a contempt of this court. It is
further ordered that the preliminary injunction hereby granted shall, and it
is not intended to, operate against or enjoin any of the courts of the United
States or the state of Montana in proceeding in any action pending before
the respective courts, but is only intended as an injunction against the de-
fendants and each of them, their agents, attorneys, servants, and employés,
and all other persons acting on their behalf."

It appears that in 1897 the defendant Morse held a five-sixths interest
in the Michael Davitt mine, in Montana, as trustee for the defendant
the Butte & Boston Consolidated Mining Company, and that in that
year he conveyed such interest to that company. Prior to this con-
veyance, and in March, 1897, he had instituted an action in the United
States Circuit Court, district of Montana, to restrain the Montana Ore
Purchasing Company, F. Augustus Heinze, Carlos Warfield, and oth-
ers from mining or extracting ores from said mine, and he obtained a
temporary injunction to that effect in the action. After he had made
the conveyance to the Butte & Boston Company, that company, in May,
1898, commenced a similar suit in the same court, and obtained a sim-
ilar injunction. While these two actions were pending in the federal
court in Montana, the plaintiffs in the actions submitted to the court
such proof that certain parties (the defendants and others) were dis-
obeying the injunction orders, that the court granted an order directing
such parties to show cause on March 22, 1904, why they should not be
punished as for a contempt of court. These contempt proceedings were
directed against the defendants, and also against the Johnstown Min-
ing Company and Carlos Warfield and Alfred Frank, who were then
in the employ of the said Johnstown Mining Company, the plaintiff
in this action. The Johnstown Mining Company was not named as
a defendant in the Montana suits, although the contempt proceedings
in that court were directed against it. At the time the Montana suits
were commenced, the Johnstown Mining Company had not yet been
incorporated; but at the time the contempt proceedings were instituted
in the United States Circuit Court in Montana, in March, 1904, it had
been incorporated under the laws of the state of New York, and
claimed to own at that time an interest in the property which was the
subject of the controversy in the Montana suits, through prior convey-
ances made to it by the Montana Ore Purchasing Company, which was
a defendant in those suits. As above stated, the date of the return of
the order to show cause in the contempt proceedings in the United
States Circuit Court was March 22, 1904. On March 21, 1904, this
action was commenced in this court. Its purpose is to secure an in-

junction restraining the defendants from continuing the contempt proceedings in the federal court, and the temporary injunction, which it is now claimed the defendants have disobeyed, directed that the defendants be so restrained pending this action. While the contempt proceedings were pending before the Montana court, and on March 24, 1904, the fact was communicated to that court by plaintiff's counsel that this court had made the injunction order restraining the plaintiff in that court from continuing the prosecution of the contempt proceedings before it. The court stated that it declined to be bound by injunction proceedings in the state courts of New York, and ordered the proceedings to continue. Said proceedings were thereupon continued until finally determined by the court on March 30, 1904, resulting in the discharge of said Carlos Warfield, and in holding Alfred Frank, the Johnstown Mining Company, and others guilty of contempt as charged.

I am of the opinion that the defendants did not commit any contempt of this court when they continued the prosecution of the contempt proceedings before the federal court in Montana, for the reason that the injunction order of this court which it is claimed they disobeyed never had any legal vitality. It was a void order, because the court had no jurisdiction to make it. The law is now well settled that a state court has no jurisdiction to enjoin actions or proceedings in a federal court, or to enjoin parties from commencing or continuing such actions or proceedings. So far as this action seeks to effect that result, it is absolutely unwarranted, and the court has no jurisdiction to give the plaintiff the relief he seeks, although it may have jurisdiction of all the parties to the action. Numerous authorities might be cited to sustain this proposition, but that of Central Nat. Bank v. Stevens, 169 U. S. 432, 18 Sup. Ct. 403, 42 L. Ed. 807, reversing s. c., 144 N. Y. 50, 39 N. E. 68, is one of the most satisfactory and controlling. There Mr. Justice Shiras stated:

"Those portions of the decree of the Supreme Court of New York and of the Court of Appeals which sought to compel the complainants in the suit pending in the Circuit Court of the United States to come into the state court, and to there relitigate their titles to the certificates and the amounts thereof, and which sought to restrain them by injunction from proceeding under the final decree of sale of the Circuit Court, and from enforcing the other remedies adjudged to them by that decree, were, in our opinion, erroneous. * * * It will suffice to cite a few of the cases: 'It is a doctrine of law too long established to require a citation of authorities that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and, whether its decisions be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court, and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation not merely in comity, but on necessity. For, if one may enjoin, the other may retort by injunction, and thus the parties be without remedy, being liable to a process for contempt in one if they dare to proceed in the other. Neither can one take property from the custody of the other by replevin or any other process, for this would produce a conflict extremely embarrassing to the administration of justice. In the case of Kennedy v. The Earl of Cassillis, 2 Swanst. 313, Lord Eldon at one time granted an injunction to restrain a party from proceeding in a suit pending in the Court of Sessions of Scotland, which, on more mature reflection, he dissolved, because it was admitted, if the Court of Chancery could

in that way restrain proceedings in an independent foreign tribunal, the Court of Sessions might equally enjoin the parties from proceeding in chancery, and thus they would be unable to proceed in either court. The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum. Peck v. Jenness, per Mr. Justice Grier, 7 How. 612, 624, 12 L. Ed. 841."

—Citing, also, Riggs v. Johnson County, 6 Wall. 166, 18 L. Ed. 768; Crescent City Live Stock Co. v. Butchers' Union, 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614; Freeman v. Howe, 24 How. (U. S.) 450, 16 L. Ed. 749; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Rio Grande R. R. Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155, 33 L. Ed. 400.

It is a mere evasion of the rule thus stated to contend that the federal court may not be enjoined by this court, but that the litigants in that court may. It is an established and salutary principle that the law will not permit that to be done indirectly which may not be done directly. Courts have ordinarily no power to act, except there be litigants before it who will start the machinery of the court into operation, and keep it in motion. To enjoin litigants from proceeding in the court is, in effect, to enjoin the court itself. This is peculiarly so with respect to a proceeding to punish for contempt of court; that being the only method by which the court may enforce respect for its dignity, and mete out punishment for the willful violation of its proper mandates. Though such a proceeding may be initiated by a litigant, it is none the less a proceeding by the court itself, having for its chief end and purpose the maintenance of its own dignity.

It is urged by the plaintiffs here that they were not parties to the actions in Montana out of which the contempt proceedings in the federal court grew, and that they were improperly made parties to those proceedings. In answer to this it may be said that this same contention was urged by the plaintiff before the federal court, and there decided adversely to it; the court holding that the injunctions were broad enough in their terms and scope to include the plaintiff and its employés, and their acts done in violation of the provisions of the injunctions. This court will respect that decision, as it should. Stevens v. Central Nat. Bank, supra.

The injunction order of this court being void, the proceedings to punish the defendants for contempt of court for disobeying it must fall. People ex rel. Lower v. Donovan, 135 N. Y. 76, 31 N. E. 241.

Motion denied, with $10 costs.