(45 Misc. Rep. 110)

JOHNSTOWN MINING CO. v. MORSE et al.

(Supreme Court, Special Term, New York County. October, 1904.)

1. INJUNCTION—ORDERS IN COURT OF ANOTHER STATE.

An action by a New York corporation against a resident of the state and a New York corporation to secure an injunction restraining defendants from obeying orders in actions in the state of Montana in which the plaintiff is not a party, will not lie, it not appearing that the Montana court had not jurisdiction to make the orders under which defendants were acting.

Action by the Johnstown Mining Company against E. Rollins Morse and others. Demurrer to complaint. Sustained.

Franklin Bien, for plaintiff.
Shearman & Sterling, for defendants.

BLANCHARD, J. In this action a motion on behalf of the plaintiff was made before me in June last, seeking to punish the defendants for contempt of court in violating the preliminary injunction granted in the action on March 21, 1904. When considering that motion it became necessary for me to determine the question whether the court had jurisdiction to grant the preliminary injunction. I decided that such jurisdiction did not exist, and therefore denied the motion to punish for contempt. See Johnstown Mining Co. v. Morse, 44 Misc.

Rep. 504, 90 N. Y. Supp. 107. This action is brought by the plaintiff, a New York corporation, against the defendant Morse, who is a resident of this state, and against the defendant the Butte & Boston Consolidated Mining Company, a New York corporation, to secure an injunction restraining the defendants from proceeding in actions instituted by them in the state of Montana, in which actions the plaintiff is not a party. The scope of the injunction sought includes the same subjects as were covered by the preliminary injunction, which was adjudged to be void. The demurrer to the complaint is upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, and that the court has not jurisdiction of the subject of the action. As the plaintiff is not a party to the Montana actions, its rights cannot be affected by them. The allegations of the complaint indicate clearly that the acts of the defendants of which the plaintiff complains were done under the authority of orders of the court in the Montana action. It does not appear that the court had not jurisdiction to make those orders, and, for reasons which I have already stated in my opinion above referred to, this court has no power to interfere with the acts of the defendants performed pursuant to the provisions of the orders. If those acts are unlawful, the plaintiff should seek its relief in the Montana court. The demurrer should be sustained, with costs.

Demurrer sustained, with costs.